IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREENS AT GREENCASTLE** : | |
| **LIMITED PARTNERSHIP,** : | |
| : | Civil Action No. 1:06-CV-1708 |
| **Plaintiff** : | |
| : | (Chief Judge Kane) |
| **v.** : | |
| : | |
| **GREENCASTLE GIBG LLC,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM AND ORDER

Before the Court is an action to enforce a restrictive covenant allegedly applicable to land (the "Property") owned by Defendant that is adjacent to, and was formerly a part of, lands owned by Plaintiff. In its complaint, Plaintiff also requested recovery of the financial losses Plaintiff has allegedly suffered because of Defendant's proposed use of the Property.

Plaintiff has moved to voluntarily dismiss its claims for damages or for leave to amend complaint to remove its request for damages, or in the alternative, to bifurcate its requests for injunctive relief and damages. (Doc. No. 17.) This motion has been fully briefed and is ripe for disposition. For the reasons discussed below, the motion will be granted in part.

### I. BACKGROUND

In 1990, Plaintiff deeded the Property to Robert L. Elder and Diane S. Elder, husband and wife. The 1990 deed to the Elders contained numerous covenants and restrictions on the property, including a restriction that the Property be used only for the construction, operation, and maintenance of a golf-course facility and a restriction that the Property may not be further subdivided without the consent of Plaintiff, the grantor (collectively, the "Restrictions"). The Elders' lender foreclosed on the Property, which was then sold at a sheriff's sale. The property

was purchased from the sheriff's sale by Greencastle Links, LP, which deeded the Property to Greencastle Golf Club LP, which eventually, in 2005, conveyed the Property to Defendant.

Defendant has filed a subdivision plan with the township indicating its intention to subdivide the Property and develop it for the sale of residential lots. In response, Plaintiff filed this suit to prevent Defendant from using the Property in a manner inconsistent with the Restrictions. In addition to injunctive relief, Plaintiff has requested damages for its "lost residential lot sales and reduced land values" after Defendant's filing of the subdivision plan.

It is this request for damages in the complaint that is the subject of Plaintiff's current motion. At this time, Plaintiff desires to proceed only on its injunction claim, on the grounds that resolution of this claim will be more efficient and will, upon favorable determination, allow Plaintiff to resume its sales efforts. According to Plaintiff, once the injunction claim is resolved, Plaintiff will more easily be able to ascertain any damages. In the alternative, should the Court find that dismissal or amendment is inappropriate, Plaintiff moves to bifurcate the request for injunctive relief from the request for damages so that Plaintiff can proceed initially only on its injunction claim. Defendant opposes the entirety of Plaintiff's proposal, but has expressed its willingness to stipulate to dismissal of the damages request <u>with prejudice</u>.

## II.    DISCUSSION

Plaintiff's primary argument is that it should be permitted to streamline the case by dismissing its request for damages under Federal Rule of Civil Procedure 41(a)(2) or amending its complaint to exclude any references to damages under Rule 15(a).[1] Because Plaintiff seeks to

---

[1] Rule 41(a)(2) provides, in relevant part, that "an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph

dismiss fewer than all of the claims against Defendant, the Court declines to evaluate Plaintiff's motion under Rule 41(a)(2), which speaks in terms of "an action." See footnote 1 (relevant text of Rule 41(a)(2)); Gronholz v. Sears, Roebuck and Co., 836 F.2d 515 (Fed. Cir. 1987); see also Smith, Kline & French Labs v. A.H. Robins Co., 61 F.R.D. 24, 29 (E.D. Pa. 1973). Instead, the Court will consider whether amendment of the complaint is appropriate under Rule 15 of the Federal Rules of Civil Procedure.

In support of its request to amend, Plaintiff notes that Rule 15(a) provides that "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and contends that none of the factors for denial are present in the instant case. Generally, "[i]n the absence of substantial or undue prejudice to the nonmoving party – which is the touchstone for denial of an amendment – denial must instead be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiencies by amendments previously allowed, or futility of amendment." USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004) (citations omitted). The broad consideration of these and other equitable factors plays into a court's decision whether to allow leave, and "[o]nly when these factors suggest that amendment would be 'unjust' should the court deny leave." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006).

The Court finds that Plaintiff has not brought this motion in bad faith or for improper purposes – it has simply expressed the desire to proceed more rapidly to a determination of the validity and enforceability of the Restrictions on the Property. Moreover, the case is in its beginning stages, so there is no suggestion of improper delay. Additionally, concerns regarding

---

is without prejudice." Fed. R. Civ. P. 41(a)(2). The relevant portion of Rule 15(a) provides that "a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

repeated failures to cure or futility of amendment are not present here.

Defendant, however, argues that it will be prejudiced should Plaintiff be permitted to amend its complaint. Defendant contends that

> whether [Plaintiff's] alleged harm can be adequately compensated by money damages is directly relevant to the existence of any alleged irreparable harm to [Plaintiff] by reason of [Defendant's] potential development of the property, and, thus, to the Court's adjudication of [Plaintiff's] claim for injunctive relief. Indeed [Defendant] must be permitted to conduct discovery with respect to [Plaintiff's] alleged harm – including its alleged monetary damages – as part of its defense to [Plaintiff's] request for injunctive relief.

(Doc. No. 19, at 8-9.) Defendant's argument, however, misses the mark because, under relevant Pennsylvania law, whether Plaintiff has suffered damages does not affect the validity and enforceability of a restrictive covenant. See Leob v. Watkins, 240 A.2d 513 (Pa. 1968) ("Restrictive covenants are enforcible without the necessity of showing that the enforcement would work a substantial gain to the legal beneficiary of the covenant. The plaintiffs' rights here to enforce the restrictive covenant is absolute, regardless of proof that they do or do not suffer damage as a result of the breach of the covenant."); see also Logston v. Penndale, Inc., 576 A.2d 59, 63 (Pa. Super. Ct. 1990) (same).

Additionally, Defendant argues that allowing Plaintiff to amend its complaint will unduly delay resolution of the dispute, result in unnecessary duplication of discovery efforts and trial preparation, and unfairly expose Defendant to the prospect of piecemeal litigation if Plaintiff files a damages complaint at a later date. (Doc. No. 19, at 8, 10 & n.2.) The Court is unconvinced that the instant dispute will be delayed by Plaintiff's voluntary decision to streamline its claims. In fact, the opposite is probably true – the case will, in all likelihood, be able to progress more quickly toward trial in light of the reduced scope of discovery that would

be required if Plaintiff amends its complaint. With respect to Defendant's concern about duplication of discovery efforts and the possibility of a subsequent law suit, Plaintiff's requests for dismissal or amendment "without prejudice" – and Plaintiff's stated opposition to a removal of the damages request <u>with</u> prejudice – do, indeed, suggest that Plaintiff wishes to preserve its ability to seek damages later in these proceedings or in a separate law suit. (<u>See also</u> Doc. No. 18, at 6 & n. 1,10 & n. 3; Doc. No. 21, at 2-4) (Plaintiff's reference to case law stating that "the prospect of a subsequent law suit is not sufficient to establish prejudice" also supports the inference that Plaintiff desires to bring this claim later). Initially, whether Plaintiff could, in fact, successfully pursue a subsequent suit on the issue of damages after the instant litigation is concluded is doubtful.[2] Assuming such a suit could proceed, the overlap of discovery on the issue of the covenant's enforceability and the measurement of damages would be limited. In light of these considerations, the Court does not find that Plaintiff's decision to amend would work an undue prejudice to Defendant.

### III.    ORDER

---

[2] <u>See</u> <u>Lytle v. Household Mfg., Inc.</u>, 494 U.S. 545, 552 (1990) (a plaintiff is generally "required to join his legal and equitable claims to avoid the bar of res judicata"); 18 Moore's Federal Practice, § 131.21[4] (Matthew Bender 3d ed.) ("All available legal and equitable relief resulting from a transaction or series of transaction constitutes a single claim. As a general rule, the plaintiff must seek all available relief in the first action, and a judgment in that action bars a second suit seeking additional relief."); Charles Alan Wright and Arthur R. Miller, 18 Federal Practice and Procedure § 4410 ("Several federal cases reflect the broad proposition that a suit for injunctive relief precludes a second suit on the same cause of action for damages . . . so long as the judgment meets the ususal preclusion requirements."); <u>but see</u> <u>Creek v. Westhaven</u>, 80 F.3d 186, 190 (7th Cir. 1996) (noting that the general rule against splitting claims may not apply if damages cannot be quantified at the time injunctive relief is sought). The Court notes that Plaintiff has argued that damages would be more easily ascertainable if and when an injunction is issued, not that damages cannot be determined at this time.

**AND NOW** this 30th day of January, 2007, Plaintiff's motion to voluntarily dismiss its claims for damages or for leave to amend complaint to remove its request for damages, or in the alternative, to bifurcate its requests for injunctive relief and damages. (Doc. No. 17), **IS GRANTED** as follows. The Court grants Plaintiff's request for leave to amend. Should Plaintiff desire to amend its complaint, it must do so by filing an amended complaint within ten (10) days from the entry of this order.

                                                s/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania